## LOTZ v. POLIZZOTTO.

### LOTZ v. POLIZZOTTO et al.

### Nos. 1460, 1461.

Court of Appeal of Louisiana. First Circuit.

Oct. 3, 1935.

For former opinion, see 161 So. 901.

LE BLANC, Judge.

The principal complaint in the application for a rehearing herein is that in the concurring opinion, the report of the handwriting expert which bears a filing mark of the same date as that on which the reconventional demand was being tried, was presumed to have been offered in evidence, when, as a matter of fact, the filing mark of the clerk does not show that it was filed "in evidence."

The circumstances under which we presumed that the report was in evidence are fully set out in the concurring opinion, and it is unnecessary to repeat them here. We believe that the presumption indulged in under those circumstances is far more reasonable than would be one that the filing of the report had been stealthily or surreptitiously procured by counsel for defendant, the only other way in which it could have found its place in the record. Knowing these attorneys as we do we hesitate not to state that we do not for a moment believe that they would lend themselves to any such practice.

Aside from all of this, however, the fact remains that the expert called on to examine the questioned documents in these cas-es, after having made a scientific investigation, "stated the results thereof" as he had to under the provisions of the expert witness act (Act No. 19 of 1884) in order to receive additional compensation; his statement being in the form of the very comprehensive report found in the record. We took time to read this report in full, and so persuasive did we find it that we were led to say, in the main opinion, that we thought it safe to presume that the expert, "by his work, contributed to the discontinuance" of these two suits by the plaintiff. In effect, the report had helped to bring about a tacit admission on the part of the plaintiff that the notes on which these suits were predicated, were forged instruments, and we believe that indirectly therefore, if not directly, it had a controlling influence over the district judge in so declaring them on the trial of defendant's reconventional demand.

We find no merit in the applications for rehearing, and they both will be refused.